IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETER WHORLEY, :
        Plaintiff, :
   v. : Civil Action No. 04-311J
KUCHERA INDUSTRIES, INC., :
KUCHERA DEFENSE SYSTEMS, INC., :
and WILLIAM KUCHERA, :
        Defendants :

MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

On August 31, 2006, the Magistrate Judge filed a Report and Recommendation, docket no. 71, recommending that the defendants' motion to dismiss, docket no. 27, and defendants' motion for summary judgment, docket no. 42, be granted in part and denied in part, and plaintiff's motion for summary judgment, docket no. 44, be denied.

The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation. Plaintiff filed timely objections, docket no. 75. Defendants also filed a document, docket no. 72, seeking clarification whether the recommendation was that William Kuchera be dismissed as a defendant.

Plaintiff's sole objection is that it is premature to dismiss Kuchera Defense Systems as a defendant. docket no. 75 at 2. Plaintiff asserts that the revenues of Kuchera Defense Systems

should be considered in computing any damages if a jury finds that plaintiff and defendant William Kuchera entered into an oral contract requiring Kuchera Industries to pay a percentage of its gross revenues to plaintiff, because there is substantial evidence to show that Kuchera Defense Systems is a "spin off" or an "expansion" of defendant Kuchera Industries. The evidence is that Kuchera Industries was incorporated in 1985 by Michael Kuchera; Kuchera Defense Systems was incorporated in 1993 and is owned by William Kuchera and Ron Kuchera. According to William Kuchera and the plaintiff, Kuchera Defense Systems operates at a separate facility from Kuchera Industries, but in the same physical building, with the same mailing address, website and e-mail address, and fax number as Kuchera Industries. Plaintiff further argues that defendant is estopped from denying that the companies are alter egos because Kuchera Defense Systems advertises that it dates back to 1985, when Kuchera Industries was formed, not 1993, when it was incorporated. As an alternative argument, plaintiff argues that the corporate arrangement between Kuchera Industries and Kuchera Defense Systems is unclear because the parties by agreement have not yet engaged in damages discovery.

      I reject plaintiff's argument, implicitly invoking Rule 56(f), that because damages discovery has not taken place the parties could not conduct discovery into the relationship between Kuchera Defense Systems and Kuchera Industries. Second, there is

a good deal of information in the record about the relationship, but it is mostly immaterial. It does not matter that the two corporations do similar work or are owned in part or altogether by the same persons. It is not in dispute that Kuchera Defense Systems is a different legal entity from Kuchera Industries, formed seven years after the alleged oral contract between William Kuchera and Peter Whorley was made. It is also not in dispute that when that alleged oral contract was made there was no discussion about payments from successor corporations, related corporations, or any number of other issues. For plaintiff to attempt to convert what a jury may find is an oral contract to pay a certain percentage of revenues of Kuchera Industries into an amorphous equity stake in another legal entity on the grounds that the second entity does the same general type of business and has owners in common with Kuchera Industries is unprecedented. Further, plaintiff's estoppel argument, if it were meritorious, would suggest not that defendant Kuchera Defense Systems is liable to plaintiff, but that plaintiff should be put out of court entirely for the reasons set out in the defendants' motion for summary judgment on the basis of judicial estoppel.

After _de novo_ review of the record of this matter together with the Report and Recommendation, and the objections thereto, the following order is entered:

AND NOW, this 26th day of September, 2006, it is

3

ORDERED that, defendants' motion to dismiss, docket no. 27, and defendants' motion for summary judgment, docket no. 42, are granted in part and denied in part, and plaintiff's motion for summary judgment, docket no. 44, is denied for the reasons set forth in the Report and Recommendation, which is adopted as the Opinion of the Court. William Kuchera and Kuchera Defense Systems are dismissed as defendants in this matter.

BY THE COURT:

*[signature]*

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice to:

    counsel of record